## (June 14, 1984)

■ The People of the State of New York, Respondent, v David W. Handly, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered April 21, 1982, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. ¶ Defendant was convicted of third degree burglary and petit larceny based on an incident of February 28, 1981, wherein he was found to have broken into a store located in the Village of Malone, Franklin County, and taken a quantity of coins. Defendant appeals from the judgment of conviction claiming that the People failed to establish the requisite culpable mental state. ¶ Both of the crimes of which defendant was convicted include, as an element, a criminal intent (Penal Law, §§ 140.20, 155.05, subd 1; § 155.25). Defendant contends that the

evidence indicates that he was under the influence of alcohol and narcotics at the time of the crime and was unable to form the requisite intent. Intoxication may be considered by the trier of facts as negativing the intent required for the conviction of a crime (Penal Law, § 15.25; *People v Orr,* 43 AD2d 836, affd 35 NY2d 829). ¶ In this case, defendant offered testimony to establish that he was intoxicated at the time of the crime. However, the People offered testimony that, while defendant had been drinking and had taken narcotics, he was not intoxicated and was coherent and rational. Thus, a question of fact was created. The decision of County Court, as the trier of fact, to reject defendant's contention is supported by the evidence in the record. ¶ Judgment affirmed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.