■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WELSH, Appellant.—Weiss, J.

On November 21, 1983, defendant was apprehended in a parking area of the Thruway interchange outside the City of Amsterdam, Montgomery County, while attempting to drive away an automobile belonging to a Thruway employee. When the auto stalled, two employees removed defendant from the car and called the State Police, who placed him under arrest. Following the filing of a felony complaint charging defendant with grand larceny in the second degree, a preliminary hearing was scheduled for December 27, 1983. On that date, the Town Justice of the Town of Florida reduced the charge to

unauthorized use of a motor vehicle in the third degree, without opposition from the prosecutor. However, at that point, the prosecutor obtained an adjournment pursuant to CPL 170.20 for the purpose of presenting the case to a Grand Jury. Previously, on or about December 14, 1983, the prosecutor had notified defendant of an impending Grand Jury presentation and advised that defendant had until January 3, 1984 to assert his right to appear and testify (see, CPL 190.50 [5]). Although defendant's notice was dated and mailed January 3, it was postmarked January 5 and not received by the District Attorney until January 6. On January 4, the Grand Jury voted to indict defendant for grand larceny in the second degree, criminal possession of stolen property in the first degree and unauthorized use of a motor vehicle in the third degree. The indictment was not filed until January 30, 1984. During the course of the trial, the value of the vehicle was stipulated to and the case submitted to the jury on the amended counts of grand larceny in the third degree, criminal possession of stolen property in the second degree and unauthorized use of a motor vehicle in the third degree. Defendant was convicted on the amended counts, and after the denial of his motion to vacate the verdict, the instant appeal ensued.

Defendant first contends that the failure to arraign him promptly after the Town Justice reduced the felony charge to a misdemeanor deprived him of the right to plea guilty to the reduced charge. We disagree. At this stage of the proceeding, the District Attorney was entitled to request an adjournment to present the matter to the Grand Jury (see, CPL 170.20 [2]; *People ex rel. Kehoe v Harkness,* 50 AD2d 1010, *lv denied* 40 NY2d 809), and the court was obligated to comply *(People v Barkin,* 49 NY2d 901, 903). Thereafter, defendant had no due process right to circumvent the filing of an indictment by pleading guilty to the reduced charge.

Nor is there merit to defendant's contention that he was deprived of his right to testify before the Grand Jury. By giving defendant until January 3, 1984 to request an opportunity to testify before the Grand Jury, the District Attorney clearly provided defendant with a reasonable opportunity to exercise his right to appear (see, CPL 190.50 [5]; *cf. People v Gini,* 72 AD2d 752). The difficulty with this case is that while an indictment was voted on January 4, 1984, it was not filed until January 30, 1984. Since the District Attorney concededly received defendant's request to testify on January 6, 1984, the novel question presented is whether defendant retained an unqualified right to appear prior to the filing of the indict-

ment, notwithstanding his failure to comply with the District Attorney's notification. We think not. The very purpose of CPL 190.50 (5) is to prevent the District Attorney from secretly removing a case from a lower court into a Grand Jury where the defendant, as here, has been arraigned in the local court on a currently undisposed of felony complaint *(see, People v Otello,* 48 AD2d 169, 170).* Here, the element of surprise is clearly absent for defendant was given ample notice of the impending Grand Jury presentation *(cf. People v Phillips,* 88 AD2d 672, 673). In our view, the People fully complied with their statutory duty under CPL 190.50 (5) (a) *(cf. People v Ferrara,* 99 AD2d 257, 260-261), and having failed to timely respond, defendant waived his right to testify before the Grand Jury.

We further find the evidence sufficient to support the verdict. Defendant's twofold argument that he was too intoxicated to form the requisite intent to commit the crimes and that he never intended to permanently appropriate the automobile simply raised questions of fact for the jury to resolve *(see, People v Handly,* 102 AD2d 922, 923; *see also, People v Cruickshank,* 105 AD2d 325, *affd* 67 NY2d 625). The record amply supports the jury's determination on both issues. Defendant was en route to Rochester when he arrived in Amsterdam and after failing to hitchhike a ride, was found in the subject vehicle. From this circumstance, the jury could readily reject the assertion that he merely intended to sleep in the vehicle and infer an intent to permanently take possession. While the record indicates defendant had been drinking, several prosecution witnesses testified he was not intoxicated.

We similarly reject defendant's contention that the trial court erred in refusing to charge attempted grand larceny and attempted criminal possession of stolen property as lesser included offenses of the first two counts of the indictment. The argument is premised on the short distance that the vehicle was moved and the brief period of possession, which purportedly indicate the withholding was not intended to be permanent and that an actual "taking" of the car did not occur. The contention is erroneous. The larceny of a car is complete when one enters a car and takes steps to move it *(see, People v Alamo,* 34 NY2d 453, 457), Here, defendant unquestionably drove the car approximately 30 yards before it stalled. That

---

* We note that when the District Attorney first provided defendant with notice of his right to appear before the Grand Jury, the felony complaint had not yet been reduced by the Town Justice.

he was apprehended before going any further does not negate the fact that a completed larceny occurred *(see, People v Robinson,* 60 NY2d 982, 983-984; *cf. People v Geppner,* 122 AD2d 394). In our view, there is no reasonable view of the evidence to support a jury finding that defendant merely attempted to deprive the owner of the vehicle *(see, People v Glover,* 57 NY2d 61, 63-64; *see also,* CPL 300.50). If the proof failed to establish the requisite element of intent, the verdict on these two counts simply should have been for acquittal.

Defendant's remaining arguments are unpersuasive. Defendant has not shown any prejudice from the failure of the State Police to follow the notice requirements of Penal Law § 450.10 prior to releasing the stolen auto to its owner. Noncompliance alone is insufficient to require reversal (Penal Law § 450.10 [10]), particularly where defendant made no effort to request an examination of the vehicle. Nor is there any duty upon the prosecution to provide information concerning defendant's own prior criminal record *(see,* CPL 240.20); rather, the burden is on defendant to inform the court of his prior bad acts which might unfairly affect him as a witness should he choose to testify in his own behalf *(People v Travison,* 59 AD2d 404, 409, *affd* 46 NY2d 758, *cert denied* 441 US 949; *People v Poole,* 52 AD2d 1010, 1011).

Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.