■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BORDERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant has not shown any prejudice resulting from the failure of the police to follow the written notice requirements of Penal Law § 450.10 (1) prior to releasing the stolen property to its owners. Noncompliance alone is insufficient to require reversal (see, Penal Law § 450.10 [10]) particularly where, as here, defendant did not request permission to examine the property prior to trial (see, People v Welsh, 124 AD2d 301, 304) and did not suffer prejudice or establish that the statutory violation was intentional or in bad faith (see, People v Angelo, 93 AD2d 264, 268). The radio and dictaphone were properly received in evidence because these items were not fungible and were identified at trial by serial numbers (see, People v Washington, 96 AD2d 996, 997). Defendant's claims of prosecutorial misconduct in summation were not preserved for review and do not require reversal in any event. On this record defendant's sentence is not excessive. (Appeal from judgment of Erie County Court, D'Amico, J.— burglary, third degree.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT SANDERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's conviction of burglary in the second degree (see, Penal Law § 140.25) was supported by legally sufficient evidence (see, People v Bleakley, 69 NY2d 490). Defendant's claim that he had a license or privilege to be in complainant's apartment is without merit. There was no evidence that defendant had permission to be in complainant's apartment at the time the crime was committed. Further, we find that defendant's counsel, although inexperienced, provided meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). Finally, the sentence imposed was neither harsh nor excessive (see, People v Farrar, 52 NY2d 302). (Appeal from judgment of Supreme Court, Erie County, Flynn, J.— burglary, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.