■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. HAZEN, Appellant. [799 NYS2d 596]—

Lahtinen, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 3, 2004, upon a verdict convicting defendant of the crime of assault in the second degree.

In August 2001, while being held in jail on a May 2001 assault in the second degree charge, defendant was involved in an altercation with an inmate that resulted in another assault in the second degree charge. In September 2001, he entered into a plea bargain whereby he pleaded guilty to attempted assault in the second degree as to the May 2001 incident and assault in the second degree for the August 2001 incident, receiving in return concurrent prison terms of 2 to 4 years (May 2001 incident) and seven years (August 2001 incident). Defendant appealed to this Court asserting various grounds to vacate the plea and we reversed and remitted upon the ground that defendant had not been informed about the mandatory period of postrelease supervision (308 AD2d 637 [2003]). Both matters thereafter went to trial, with defendant being acquitted of the August 2001 incident, but found guilty of assault in the second degree as regards the May 2001 incident. County Court sentenced him to seven years in jail and defendant now appeals.

Defendant initially argues that County Court erred in vacating his entire plea after remittal from this Court and that he should have been permitted to keep the aspect of the deal that pertained to the May 2001 incident. His prior appeal was not limited to the August 2001 incident (*compare People v Campbell*, 10 AD3d 736 [2004]). Moreover, it is apparent that "the plea covered both [accusatory instruments] and was expressly conditioned on the negotiated agreement that the defendant would receive concurrent sentences on the separate counts" and, thus, it was proper to vacate the plea "in its entirety" (*People v Clark*, 45 NY2d 432, 440 [1978]; *see People v Puckett*, 270 AD2d 364, 365 [2000]; *People v Lucas*, 209 AD2d 546, 547 [1994]).

Next, defendant asserts that a juror who expressed concerns about serving after being sworn should have been disqualified by County Court. However, following County Court's questioning of the juror regarding his reason for not wanting to remain on the jury, defense counsel stated that "my position is I want him on the jury." Accordingly, defendant waived challenging the juror's qualification to remain on the jury (*see People v Boddie*,

240 AD2d 155, 155 [1997], *lv denied* 90 NY2d 902 [1997]; *People v Ellis*, 54 AD2d 1052, 1052 [1976]).

We are not persuaded by defendant's argument that the prosecutor's opening statement was legally insufficient because he did not specifically state in his opening that the stabbing was intentional. "In the opening statement, the prosecutor should 'set forth the nature of the charge against the accused and state briefly the facts he [or she] expects to prove, along with the evidence he [or she] plans to introduce in support of the same' " (*People v Brown*, 104 AD2d 696, 696 [1984], *lv denied* 64 NY2d 778 [1985], quoting *People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]). The prosecutor complied with this standard by, among other things, his assertion in his opening statement that the proof would reveal that defendant and the victim had been together talking when defendant produced a knife and stabbed the victim twice. Even if this had not been sufficient, any error was rectified when, after the prosecutor completed his opening and defendant voiced his objection, County Court permitted the prosecutor to briefly supplement his statement and the prosecutor then explicitly addressed the purported intentional nature of defendant's conduct (*see People v Kurtz, supra* at 386).

The fact that County Court indicated to a spectator, who was a spouse of a juror, that it "prefer[red]" that he not stay in the courtroom at times the jury was excused did not, as now urged by defendant, constitute reversible error. When County Court learned that the spectator was a spouse of a juror, the court made clear that the spectator had the right to be present in the courtroom at all times, reminded him not to speak to his juror-spouse about what transpired outside the jury's presence, and expressed a preference that the spectator voluntarily leave the courtroom at those times the jury was excused. The spectator agreed to do so and defendant voiced no objection to this voluntary arrangement.

Defendant argues that the verdict is against the weight of the evidence because, among other things, he was too intoxicated to have the requisite intent. "Whether an individual's level of intoxication negates the element of intent to commit a crime lies within the domain of the jury as the trier of fact" (*People v Keller*, 246 AD2d 828, 829 [1998], *lv denied* 91 NY2d 1009 [1998] [citations omitted]). There was evidence that defendant was drinking throughout the day prior to the incident. While the trooper who arrived shortly after the incident noted defendant's slurred speech and red eyes, the trooper further described defendant as coherent, responsive and in control of

his motor coordination. There was ample evidence to support the verdict and, after reviewing the record and weighing the conflicting evidence, we find no reason to set aside the jury's determination.

The remaining arguments have been considered and we find no basis for reversal therein.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.