■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM A. DAVIS, Appellant. [899 NYS2d 403]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 15, 2008, upon a verdict convicting defendant of the crime of rape in the second degree.

In December 2006, defendant, who was then 26 years old, engaged in sexual relations with the victim (born in 1992). Several weeks later, the victim informed other adults, including her father, of the rape, and her father took her to the police department to report it. Defendant thereafter gave a statement to the police, admitting to having had sexual relations with the victim. However, he denied the use of forcible compulsion and alleged that the victim had informed him that she was 18 years old. Defendant was subsequently indicted on one count each of rape in the first degree and rape in the second degree.

County Court conducted a combined *Huntley/Sandoval* hearing and determined that defendant's confession was voluntarily made. In addition, the court issued a ruling detailing a *Sandoval* compromise in which the fact, but not the underlying circumstances, of defendant's prior conviction for criminal mischief in the fourth degree would be admissible on the People's cross-examination in the event that defendant testified. After a jury trial, defendant was acquitted of the charge of rape in the first degree, but was found guilty of rape in the second degree and was later sentenced to a prison term of 2 to 6 years. Defendant now appeals and we affirm.

Initially, we note that defendant's assertion on appeal that his confession was rendered involuntary and should have been suppressed as the result of an unlawful warrantless arrest was not preserved, as this specific challenge was not made to County Court (*see People v Jacquin*, 71 NY2d 825, 826-827 [1988]; *People v Durrin*, 32 AD3d 665, 666 [2006]). We also conclude that any error occasioned by County Court's *Sandoval* compromise was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Grant*, 7 NY3d 421, 424 [2006]).

Defendant next contends that the verdict was against the weight of the evidence. We disagree. To support a conviction of rape in the second degree, the People were required to demonstrate that defendant, "being [18] years old or more, . . . engage[d] in sexual intercourse with another person less than [15] years old" (Penal Law § 130.30 [1]). In his sworn statement to the police—which he never repudiated—defendant admitted having sexual intercourse with the victim. In addition, a police department investigator testified that defendant told him that he was born in February 1980. Such fact was confirmed by in-

formation provided by defendant and set forth on documents signed by defendant and admitted into evidence. The victim testified that she was born in January 1992 and, although the version of events set forth in defendant's statement differed in some respects from her account of the rape, defendant's statement clearly corroborated the victim's allegation that defendant had sexual intercourse with her. The jury, as the final arbiter of credibility, clearly accepted the victim's testimony in this regard. Even if a different finding would not have been unreasonable, viewing the evidence in a neutral light, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Danielson*, 9 NY3d 342, 348 [2007]) and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]), we conclude that the verdict was supported by the weight of the evidence.

We also reject defendant's contention that he was deprived of the effective assistance of counsel. The various claimed errors made by counsel are either belied by the record or defendant has failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). In particular, we note that, in view of defendant's voluntary confession, memorialized on a DVD and in a written statement, trial counsel clearly elected to focus his efforts—which were ultimately successful—on disproving the element of forcible compulsion underlying the more serious charge of rape in the first degree, while essentially conceding the second degree rape charge. In our view, the "totality of the circumstances" (*People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]) demonstrate that defendant received meaningful representation within constitutional requirements (*see People v Kalteux*, 2 AD3d 967, 968 [2003]; *People v Van Gorden*, 307 AD2d 547, 547-548 [2003], *lv denied* 1 NY3d 581 [2003]).

Nor do we find merit to defendant's argument that his sentence was harsh and excessive (*see People v Sidbury*, 24 AD3d 880, 881-882 [2005], *lv denied* 6 NY3d 818 [2006]) as we discern no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Kennard*, 60 AD3d 1096, 1097 [2009], *lv denied* 12 NY3d 926 [2009]).

Cardona, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.