■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROLFE, Appellant. [920 NYS2d 853]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 20, 2009, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal mischief in the fourth degree.

In December 2008, defendant left a party after consuming a large amount of alcohol and becoming intoxicated. When he and several others arrived at his girlfriend's apartment, they discovered that they had no keys. Apparently unaware that his girlfriend had gained access through a nearby window, defendant used his elbow to break glass in a door, lacerating his arms. Emergency personnel were called to the scene to provide medical assistance. Defendant became combative, shoving an emergency medical technician, punching a police officer several times and knocking him to the floor, and twice holding his girlfriend off the floor by her throat. After being handcuffed and subdued, defendant was hospitalized for treatment of his injuries.

Defendant was subsequently convicted by jury verdict of assault in the second degree and criminal mischief in the fourth degree, and acquitted of, among other crimes, obstructing governmental administration in the second degree. He was sentenced as a second felony offender to an aggregate prison term of six years and five years of postrelease supervision. Defendant appeals.

Initially, defendant contends that the verdict was against the weight of the evidence because the People failed to prove that he acted with the requisite intent to support his convictions. Based on evidence that defendant was extremely intoxicated, lost a significant amount of blood, and appeared confused and incoherent at times during the encounter, a different verdict would not have been unreasonable (see Penal Law § 15.25). Thus, this Court must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *accord People v Davis*, 72 AD3d 1274, 1276 [2010]). " 'Whether an individual's level of intoxication

negates the element of intent to commit a crime lies within the domain of the jury as the trier of fact' " (*People v Hazen*, 20 AD3d 586, 588 [2005], *lv denied* 5 NY3d 806 [2005], quoting *People v Keller*, 246 AD2d 828, 829 [1998], *lv denied* 91 NY2d 1009 [1998]). The police officers who arrived in response to the call were in uniform. During his physical altercation with them, defendant revealed awareness that he was fighting with police officers by calling them "f . . . ing pigs" and ordering them to get out of the house. When he was eventually handcuffed, defendant's resistance disappeared and he told the officers, "You got me. I'm done." In the exercise of our independent review power, we find that appropriate weight was given to this evidence that defendant understood his own actions despite his inebriated state and, thus, that the verdicts were not against the weight of the evidence (*see People v Burch*, 45 AD3d 1188, 1189 [2007]; *People v Hazen*, 20 AD3d at 588-589).

Defendant next contends that the jury verdict convicting him of assault in the second degree is repugnant to his acquittal on the charge of obstructing governmental administration. It is conceded that this claim was not preserved for appellate review, as it was not raised in County Court before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Murphy*, 66 AD3d 1234, 1236 [2009]), and we decline the request to take corrective action pursuant to our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Pearson*, 69 AD3d 1226, 1227 [2010], *lv denied* 15 NY3d 755 [2010]; *compare People v Coville*, 73 AD3d 1232, 1233 [2010]).

Next, we are unpersuaded by defendant's contention that County Court erred by denying his request to instruct the jury, as part of the intoxication charge, that the element of intent could have been negated by physical impairment caused by his blood loss. The jury heard testimony from which it could have concluded that defendant's blood loss, as well as his intoxication, affected his general cognitive abilities. Although the court refused this requested charge, it repeatedly instructed the jury that intent means "conscious objective or purpose"* and gave an intoxication instruction that mirrored the pattern jury instruction for that defense (*see* CJI2d[NY] Defense, Intoxication; *People v Hebert*, 68 AD3d 1530, 1532 [2009], *lv denied* 14 NY3d 841 [2010]). Notably, no pattern jury instruction exists for a defense of physical impairment resulting from blood loss, nor is such a theory of defense generally recognized (*see generally* 35 NY Jur 2d, Criminal Law §§ 64-200). No specific

---

* Defendant did not request an expanded charge on intent (*see* CJI2d[NY] Culpable Mental States—Intent).

language is required in jury instructions "so long as the charge, as a whole, correctly conveys the proper standards for the jury to apply" (*People v Marshall*, 65 AD3d 710, 713 [2009], *lv denied* 13 NY3d 940 [2010]; *see People v Jackson*, 282 AD2d 830, 831 [2001], *lv denied* 96 NY2d 902 [2001]). Viewing the evidence, as required, in the light most favorable to defendant (*see People v Gaines*, 83 NY2d 925, 926-927 [1994]), we find that the charge as a whole "was sufficient to allow 'the jury . . . [to] gather from its language the correct rules which should be applied in arriving at [a] decision' " (*People v Dickson*, 58 AD3d 1016, 1018 [2009], *lv denied* 12 NY3d 852 [2009], quoting *People v Russell*, 266 NY 147, 153 [1934]).

Finally, defendant contends that his five-year sentence for assault in the second degree was harsh and excessive in view of his intoxication at the time of the incident and his history of alcohol abuse. We disagree. We find no extraordinary circumstances or abuse of discretion warranting any modification (*see People v Appleby*, 79 AD3d 1533, 1534 [2010]; *People v Lerario*, 50 AD3d 1396, 1396-1397 [2008], *lv denied* 10 NY3d 961 [2008]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.