■ The People of the State of New York, Respondent, v Abel Jimenez, Appellant. [943 NYS2d 808]—

Malone Jr., J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered May 12, 2011, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Following a domestic dispute, defendant was stopped by a po-

---

lice officer while driving his vehicle with his eight-year-old daughter as a passenger. During the stop, defendant accelerated the vehicle causing the police officer to be dragged and to sustain serious injuries. Defendant was thereafter charged in an indictment with assault in the second degree, to which he pleaded guilty. Under the terms of the plea agreement, County Court agreed to sentence defendant to not more than six but not less that four years in prison and to impose a term of postrelease supervision of between 1½ and 3 years. Defendant was thereafter sentenced to five years in prison, to be followed by a three-year period of postrelease supervision. He now appeals.

We find no merit to defendant's claim that the sentence is harsh and excessive. While fleeing the traffic stop, defendant exhibited total disregard for the safety of the officer by speeding away with the officer partially inside the vehicle, thereby exposing him to the risk of serious injury and potential death. Notably, the injuries sustained by the officer were significant, precluding him from working for many months and having permanent effects. In view of this, and given that the sentence imposed was within the range agreed to as part of the plea agreement, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see generally People v Kendall*, 91 AD3d 1191, 1193 [2012]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]; *see also People v Rolfe*, 83 AD3d 1217, 1219 [2011], *lv denied* 17 NY3d 809 [2011]).

Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.