■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEE SHULER, Appellant. [952 NYS2d 687]—

Stein, J. Appeal from a judgment of the County Court of

Broome County (Cawley, J.), rendered February 1, 2011, upon a verdict convicting defendant of the crime of attempted robbery in the second degree (two counts).

During the evening of October 14, 2008, Charles Williams, Daquan Harrison, Brianna Sheppard and Paul Barnett drove to the home of Mark Marcello, a marihuana dealer, intending to rob him of marihuana. On the way, they stopped to pick up defendant, who had telephoned Barnett in search of both marihuana and a place to stay overnight. During the short drive to Marcello's house, defendant learned that Marcello had sold marihuana to defendant's 13-year-old daughter. When they arrived, Marcello was smoking marihuana in the backyard with his friend Wesley Sherwood. Defendant, Williams and Harrison walked behind the house, where defendant confronted Marcello while Harrison began attacking him and Williams opened his shirt to display a pellet gun as a means of intimidating Sherwood. The police were called by an occupant of the house; Marcello and Sherwood were ultimately able to get inside the house and Williams, Harrison, Sheppard and Barnett fled. Defendant was arrested at the scene and was subsequently indicted for two counts of attempted robbery in the second degree. After a jury trial, defendant was found guilty as charged and was sentenced, as a persistent violent felony offender, to a prison term of 12 years to life. Defendant now appeals and we affirm.

We begin with defendant's contention that the verdict was against the weight of the evidence. In order to convict defendant of attempted robbery in the second degree based on the facts alleged in the first count of the indictment, the People were required to prove that, with the intent to forcibly steal property, defendant attempted to do so and was aided by another person who was present (*see* Penal Law §§ 110.00, 160.10 [1]). In order to convict defendant of such charge under the second count of the indictment, it was necessary for the People to prove that, in the course of the commission of the crime, defendant or another participant displayed what appeared to be a firearm (*see* Penal Law §§ 110.00, 160.10 [2] [b]).

Defendant first argues that the weight of the credible evidence does not support a finding that he was able to form the mental intent required for criminal responsibility due to his intoxicated state.[1] In that regard, several witnesses testified

**1.** We note that County Court properly instructed the jury, at defendant's request, that in order to relieve him of criminal responsibility, his intoxication, if any, must have been "of such a degree, character and extent as to have deprived [defendant] of the ability to formulate in his own mind a conscious

that, although defendant smelled of alcohol or was under the influence, he did not appear to be inebriated or seemed only "a little bit drunk." In addition, evidence that defendant had the presence of mind to, among other things, approach the police with his arms up—stating that he was unarmed—and that he was able to provide the police with a coherent narrative provided ample support for the jury's finding that defendant's level of intoxication did not negate his intent to commit the charged crime (*see People v Rolfe*, 83 AD3d 1217, 1217-1218 [2011], *lv denied* 17 NY3d 809 [2011]; *People v Hazen*, 20 AD3d 586, 588-589 [2005], *lv denied* 5 NY3d 806 [2005]). To the extent that there was contradictory testimony, the jury was free to assess the credibility of each witness (*see People v Negron*, 91 NY2d 788, 792 [1998]).

Defendant's contention that his conviction under count 2 should be reversed because the evidence did not support a finding that he knew that Williams possessed and/or would display what appeared to be a firearm is also unavailing, as such knowledge is unnecessary to establish defendant's criminal responsibility (*see People v Horsey*, 304 AD2d 852, 854 [2003], *lv denied* 1 NY3d 573 [2003]; *People v Gage*, 259 AD2d 837, 838-839 [1999], *lvs denied* 93 NY2d 924, 970 [1999]). To the extent that defendant challenges any of the remaining elements of the crimes charged, we need only note that, even if an acquittal would not have been unreasonable (*see People v Dozier*, 94 AD3d 1226, 1227 [2012], *lv denied* 19 NY3d 996 [2012]; *People v Johnson*, 91 AD3d 1194, 1196 [2012], *lv denied* 18 NY3d 995 [2012]), when we view all the evidence in a neutral light, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Ingram*, 95 AD3d 1376, 1377 [2012], *lv denied* 19 NY3d 974 [2012], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]) and accord proper deference to the jury's evaluation of the witnesses' credibility, there is ample evidence to support a finding that defendant, aided by Williams and Harrison, attempted to forcibly obtain marihuana and/or money from Marcello and, while doing so, Williams displayed what appeared to be a firearm. Thus, we find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643-645 [2006]; *People v Ingram*, 95 AD3d at 1377-1378).

We also reject defendant's unsupported claim that his adjudication as a persistent violent felony offender was contrary

aim or objective to engage in purposeful [proscribed] conduct" (*see* Penal Law § 15.25; CJI2d[NY] Defenses—Intoxication).

to law because County Court improperly determined that certain alleged periods of incarceration tolled the 10-year limitations period. Penal Law § 70.08 allows enhanced sentencing of any person convicted of a qualifying violent felony offense who has been convicted of two such prior offenses (see Penal Law §§ 70.02 [1]; 70.08 [1], [2], [3] [c]), provided that the sentences upon the prior convictions were "imposed not more than [10] years before commission of the felony of which the defendant presently stands convicted" (Penal Law § 70.04 [1] [b] [iv]). The 10-year period does not include any periods of incarceration "for any reason between the time of commission of the previous felon[ies] and the time of commission of the present felony" (Penal Law § 70.04 [1] [b] [v]).

Here, the People filed a persistent violent felony offender statement setting forth two prior violent felony convictions—a conviction of robbery in the second degree on June 18, 1993 and a conviction of attempted robbery in the second degree on March 7, 1995. Inasmuch as the first violent felony conviction was 15 years and 119 days prior to defendant's commission of the instant offense, in order to have defendant adjudicated a persistent violent felony offender, the People had the burden of proving that he was incarcerated for at least five years and 119 days so as to bring the lapse within 10 years (see Penal Law § 70.04 [1] [b] [v]). Upon our review of the record—including, but not limited to, the transcripts of two evidentiary hearings—we find that the People demonstrated excludable periods of incarceration of approximately five years and 345 days, which was more than sufficient to sustain such burden.

Finally, we are unpersuaded by defendant's assertions that County Court committed one or more mode of proceedings errors in its response to a note from the jury during deliberations.[2] County Court received a note from the jury stating, "One of the jurors thinks she knows one of the witnesses and she is not sure if this will effect her decision. We would like to keep deciding tomorrow." Upon receipt of this note, the court directed a court attendant to bring the subject juror into the courtroom, whereupon the juror was amply questioned by the court and counsel. It was not necessary for the court to actively supervise the court attendant while she "perform[ed] [the] administerial duties" assigned of identifying the particular juror involved and

---

2. Although defendant concedes that any objection to the manner in which County Court addressed the jury's note was not preserved for our review, defendant correctly argues that preservation is not required if a "mode of proceedings" error occurred (see People v Ahmed, 66 NY2d 307, 310 [1985]). Nonetheless, we conclude that no such error occurred.

escorting that juror to the courtroom (CPL 310.10 [1]; *see People v Bonaparte*, 78 NY2d 26, 30-31 [1991]; *compare People v Torres*, 72 NY2d 1007, 1008-1009 [1988]; *People v Ahmed*, 66 NY2d 307, 311-312 [1985]; *People v Ciaccio*, 47 NY2d 431, 436-437 [1979]). Nor is there proof of any improper communication between the court attendant and the juror. Accordingly, defendant is not entitled to reversal of his convictions on this ground (*see People v Kelly*, 5 NY3d 116, 120 [2005]; *People v White*, 79 AD3d 1460, 1463-1464 [2010], *lvs denied* 17 NY3d 803 [2011]). Moreover, under the circumstances of this case, we are satisfied that defendant received "meaningful notice of the precise contents of the jury's note and an advance opportunity to suggest appropriate responses" (*People v Woodrow*, 89 AD3d 1158, 1159 [2011] [internal quotation marks and citations omitted], *lv denied* 19 NY3d 978 [2012]) before County Court responded to the jury's inquiry.

We have examined defendant's remaining contentions and find them to be lacking in merit.

Peters, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.