# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

390
KA 12-00729
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FLOYD VANHOOSER, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered October 11, 2011.  The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (three counts) and burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of burglary in the third degree (§ 140.20).  We agree with defendant that the waiver of the right to appeal is invalid inasmuch as there is no indication in the record that defendant understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d 248, 256; *People v Blacknell*, 117 AD3d 1564, 1564-1565, *lv denied* 23 NY3d 1059; *People v Johnson*, 109 AD3d 1191, 1191, *lv denied* 22 NY3d 997).  We further agree with defendant that this case should be remitted for a hearing on the issue whether he is a persistent violent felony offender.  A persistent violent felony offender is one who is convicted of a violent felony offense after having previously been subjected to two or more predicate violent felony convictions (*see* § 70.08 [1] [a]).  The sentence upon the predicate violent felony convictions "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted" (§ 70.04 [1] [b] [iv]).  However, "[i]n calculating the ten year period . . . , any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or

periods equal to the time served under such incarceration" (§ 70.04 [1] [b] [v]).

Here, defendant admitted that he was convicted of two prior violent felonies, but objected to the tolling periods that were computed by County Court pursuant to Penal Law § 70.04 (1) (b) (v) and requested a hearing. After some discussion with the court, defendant conceded that the court's computations were correct, essentially waiving the necessity for a hearing. We agree with defendant that his waiver of the hearing was not effective because it was the product of impermissible coercion by the court. The court indicated that it could consider defendant's request for a hearing to be a violation of the plea agreement, but that was not accurate. "While [the court] did advise defendant during the plea hearing that he was going to be sentenced as a [persistent violent] felony offender, it never specifically instructed him that admitting such [persistent violent] felony offender status was a condition of the plea agreement and that his failure to do so would result in a more severe sentence" (*People v Marrero*, 30 AD3d 637, 638). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing following a hearing in which the People will have the burden of proof of establishing the appropriate time computations under Penal Law § 70.04 (1) (b) (v) and, consequently, whether defendant is a persistent violent felony offender (*see People v Shuler*, 100 AD3d 1041, 1044, *lv denied* 20 NY3d 988; *People v Williams*, 48 AD3d 715, 716, *lv denied* 10 NY3d 940; *see generally* CPL 400.15 [7] [a]; *People v Diggins*, 11 NY3d 518, 524).

Entered: March 27, 2015                                        Frances E. Cafarell
                                                               Clerk of the Court