People v Oshintayo (2018 NY Slip Op 05532)





People v Oshintayo


2018 NY Slip Op 05532


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018

108532

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STANLEY T. OSHINTAYO, Appellant.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 22, 2016, upon a verdict convicting defendant of the crimes of menacing in the second degree, assault in the second degree and resisting arrest.
In February 2015, defendant was charged in a four-count indictment with the crimes of robbery in the first degree, menacing in the second degree, assault in the second degree and resisting arrest. These charges stemmed from a late night incident during which defendant engaged in a verbal altercation with one man, threatened the man and his companion with gardening shears, took a wallet and phone from the second man and fought with police officers when he was arrested immediately after the incident. In a December 2015 appearance before trial, defendant
chose to represent himself and did so throughout the subsequent jury trial. He was acquitted of robbery in the first degree and was convicted of menacing in the second degree, assault in the second degree and resisting arrest. Defendant was thereafter sentenced, as a second violent felony offender, to an aggregate prison term of six years with five years of postrelease supervision. Defendant appeals.
Defendant first contends that County Court erred in allowing him to proceed pro se. Defendant was initially represented by assigned counsel. During pretrial proceedings, however, defendant expressed his dissatisfaction with counsel and asked that he be replaced. Although a defendant has no choice in selecting assigned counsel, substitution should be made upon a [*2]showing of good cause (see People v Linares, 2 NY3d 507, 510 [2004]). County Court allowed defendant ample opportunity to identify his concerns with counsel's representation. Defendant professed that he could not trust his counsel, whom he believed was not providing zealous representation. The court noted that counsel was an experienced trial attorney who was capable of providing defendant with meaningful representation, and the record establishes that counsel had made appropriate motions resulting in, among other things, a combined Huntley and Sandoval hearing at which the court made rulings favorable to defendant. In light of defendant's failure to articulate a specific reason why counsel was unable to provide him with meaningful assistance, County Court properly denied his request for substitute counsel (see id. at 510-511).
Defendant then advised County Court that he did not want to be represented at trial by his originally assigned counsel and, inasmuch as his request for substitute counsel had been denied, he desired to represent himself. "A criminal defendant may invoke the right to represent himself or herself when the request is timely and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and the defendant has not engaged in conduct that would interfere with a fair and orderly trial" (People v Jackson, 160 AD3d 1125, 1125-1126 [2018] [internal quotation marks, brackets and citations omitted]). "The waiver element, in turn, requires the trial court to undertake a searching inquiry geared toward accomplishing the twin goals of adequately warning the defendant of the risks inherent in proceeding pro se, and apprising the defendant of the singular importance of the lawyer in the adversarial system of adjudication. Notably, the focus in a self-representation inquiry is not on how much the defendant knows about criminal law and procedure, because ignorance does not preclude self-
representation. Instead, the principal focus is on warning a defendant that his or her lack of knowledge, relative to that of a lawyer, will be detrimental if the defendant chooses to waive the right to counsel" (People v Dashnaw, 116 AD3d 1222, 1231 [2014] [internal quotation marks, brackets, emphasis and citations omitted], lv denied 23 NY3d 1019 [2014]).
County Court conducted a sufficient inquiry in response to defendant's insistence on proceeding pro se and repeatedly warned him, in detail, of the consequences of waiving the right to counsel. The court asked defendant a series of questions during which defendant confirmed that he had never gone to trial in any action or proceeding, criminal or civil, and had no legal training. The court explained to defendant the many pitfalls of representing oneself at a criminal trial, advised him that he would be held to the same standards as an attorney and warned him that electing to represent himself at a trial that was scheduled to commence in only 30 days was the "worst decision" he could make. County Court adjourned consideration of defendant's request to allow defendant the opportunity to consider the consequences of proceeding pro se. At an appearance two days later, the court again advised defendant of the advantages that his experienced counsel could provide at trial and repeated its warning that it would be a "huge mistake" for him to proceed pro se before ultimately granting his request to represent himself and dismissing counsel. At a subsequent pretrial conference, County Court explained to defendant how the trial would be conducted and, at defendant's request, reappointed his original counsel as standby counsel.
Defendant next contends that County Court abused its discretion by not ordering a competency examination pursuant to CPL 730.30 (1). We disagree. Defendant's stated fear that counsel would physically harm or kill him was not a "'red flag[]' that should have put the court on notice of a severe mental illness" (People v Stone, 22 NY3d 520, 528 [2014]). Rather, such statements were made in the context of defendant expressing his dissatisfaction with counsel's efforts in light of the impact that a sentence of 10 to 25 years would have on his life if he were to be convicted of robbery in the first degree and did not evince a fear that counsel would cause him actual physical harm. Moreover, the record shows that defendant had actively and lucidly [*3]participated in all pretrial proceedings and, as noted by the court, had maintained a properly respectful demeanor at all times. Accordingly, County Court was not required to undertake a particularized assessment of defendant's mental capacity before granting his request to proceed pro se with standby counsel (see People v Cruz, 131 AD3d 724, 727 [2015], lv denied 26 NY3d 1087 [2015]).
Defendant also argues that the verdict was against the weight of the evidence because he was too intoxicated to have the requisite intent to commit each of the crimes for which he was convicted. Where, as here, a different verdict would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. Whether an individual's level of intoxication negates the element of intent to commit a crime lies within the domain of the jury as the trier of fact" (People v Rolfe, 83 AD3d 1217, 1217-1218 [2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 809 [2011]). The only evidence that defendant — who did not testify — was intoxicated was the testimony of David Baer, one of the police officers who arrested defendant, who testified that defendant appeared to be impaired by alcohol. The remaining evidence established that he was not intoxicated and that, even if he were intoxicated, he was not seriously impaired and he remained aware of his intentions (see id. at 1218; People v Scott, 47 AD3d 1016, 1018-1019 [2008], lv denied 10 NY3d 870 [2008]; People v Hazen 20 AD3d 586, 588-589 [2005], lv denied 5 NY3d 806 [2005]). The other two police officers who were involved in defendant's arrest and both victims testified that defendant did not appear to be intoxicated. In particular, police officer Reginald Ross testified that he had been trained in detecting intoxication and that when defendant was arrested he did not exhibit any indications of intoxication — such as slow or slurred speech, bloodshot eyes or the odor of alcohol. Further, defendant's attempt to flee and hide when he observed Baer's patrol car demonstrates that he had the capacity to act intentionally.
Defendant further argues that his conviction of assault in the second degree was not supported by legally sufficient evidence and was against the weight of the evidence because there was insufficient evidence of physical injury [FN1]. As relevant here, a person is guilty of assault in the second degree when he or she, with intent to prevent a police officer from performing a lawful duty, causes physical injury to the officer (see Penal Law § 120.05 [3]). Physical injury "means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "Substantial pain cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Talbott, 158 AD3d 1053, 1054 [2018] [internal quotation marks, brackets and citation omitted], lv denied ___ NY3d ___ [May 8, 2018]). Baer testified that during the struggle with defendant, he felt sharp pains in his knee and ankle, and other law enforcement officers corroborated his testimony by stating that he limped away from the incident. Baer sought treatment at a hospital. He missed two days of work and, during that time, he continued to experience pain and had difficulty walking. Although a different verdict would not have been unreasonable, Baer's testimony established that he sustained a physical injury and, therefore, the verdict in this regard was not against the weight of the evidence (see id.; People v Sands, 157 AD3d 1136, 1137 [*4][2018], lv denied 31 NY3d 986 [2018]).
Defendant's remaining arguments do not require extended discussion. His claims that County Court erred by not instructing the jury of the charge of obstructing governmental administration in the second degree as a lesser included offense of assault in the second degree and of the defense of intoxication are not preserved for our review because defendant made no objection to the court's charge (see CPL 470.05 [2]; People v Every, 146 AD3d 1157, 1165 [2017], affd 29 NY3d 1103 [2017]). Defendant's claim that he did not receive the effective assistance of counsel when he was represented by assigned counsel during pretrial proceedings finds no support in the record, which shows that counsel made appropriate pretrial motions and obtained rulings favorable to defendant in preparation for trial (see e.g. People v Stevenson, 58 AD3d 948, 949-950 [2009], lv denied 12 NY3d 860 [2009]).
Finally, we reject defendant's claim that the sentence imposed, which was less then the maximum, was harsh and excessive. Defendant identifies no extraordinary circumstances or abuse of discretion that would warrant a reduction of his sentence in the interest of justice (see People v Cole, 150 AD3d 1476, 1482 [2017]. Accordingly, the judgment of conviction is in all respects affirmed.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: By making only a general motion to dismiss at trial, defendant failed to preserve his argument that his assault conviction was not supported by legally sufficient evidence (see People v Cruz, 131 AD3d at 724). In that regard, it bears noting that, in representing himself at trial, defendant failed to preserve many of the issues that he now seeks to raise on appeal (see e.g. People v Jackson, 160 AD3d at 1127).