People v Shortell (2019 NY Slip Op 04789)





People v Shortell


2019 NY Slip Op 04789


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

110331

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RICHARD SHORTELL, Appellant.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered January 16, 2018, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, criminal possession of stolen property in the third degree, aggravated driving while intoxicated and driving while intoxicated, and the traffic infractions of refusal to submit to breath screening, operating a motor vehicle without an inspection certificate, operating an unregistered vehicle and license plate display violation.
In 2017, defendant, while intoxicated, took a truck from his employer and drove it into a ditch. In connection with this incident, defendant was charged by indictment with multiple crimes. Following a jury trial, defendant was convicted of, as relevant here, grand larceny in the third degree and criminal possession of stolen property in the third degree. County Court thereafter sentenced defendant, as a second felony offender, to various concurrent prison terms. Defendant appeals. We affirm.
Defendant argues that the verdict with respect to the convictions for grand larceny in the third degree and criminal possession of stolen property in the third degree should be reversed because he was too intoxicated to form the requisite intent to commit these crimes. Although defendant does not specify whether he is arguing that the verdict as to these counts was not supported by legally sufficient evidence or was against the weight of the evidence, under either standard of review, defendant's claim is without merit. "Larcenous intent is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions" (People v Phoenix, 115 AD3d 1058, 1060 [2014] [internal quotation marks, ellipsis and citations omitted], lv denied 23 NY3d 1024 [2014]). "Intoxication may be considered by the trier of facts as [negating] the intent required for the conviction of a crime" (People v Handly, 102 AD2d 922, 922 [1984] [citations omitted]; see People v Mould, 143 AD3d 1186, 1187 [2016], lv denied 28 NY3d 1187 [2017]).
A witness testified at trial that she observed a truck partially in a ditch and partially blocking the roadway. The witness testified that defendant was in the truck, that she smelled alcohol on his breath and that he was stumbling and slurring his speech. The witness engaged defendant in a conversation to prevent him from driving away and testified that defendant told her that he had stolen the truck from his employer. A state trooper who responded to the scene testified that defendant told him that he had been drinking vodka and that he "took his boss's truck without his permission."
Defendant's employer stated that he had offered defendant a job at his professional detailing business. Prior to one weekend,[FN1] the employer asked defendant to detail a boat and remove the push bar of a truck that was owned by a client. The employer testified that when he returned to the office after the weekend, defendant was on a couch drunk and the assigned work had not been completed. The employer fired defendant and testified, "It didn't end nicely." After the following weekend, the employer came into the office and noticed cigarette butts and tobacco [FN2] by the couch and that the truck was missing. The employer spoke with the truck's owner, who confirmed that he did not take the truck from the employer's shop. The employer subsequently learned that the truck had been impounded and defendant had been arrested.
Viewing the evidence in the light most favorable to the People, the jury could rationally infer that defendant, despite being discovered in an intoxicated state, had the intent to commit the challenged crimes (see People v Welsh, 124 AD2d 301, 303 [1986]). In this regard, the evidence establishes that defendant took the truck from the business of his employer, who had just fired him, and that defendant admitted to two separate witnesses that he had stolen the truck from his employer. Furthermore, although a contrary result would not have been unreasonable, viewing the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (see People v Allen, 132 AD3d 1156, 1158 [2015], lv denied 26 NY3d 1107 [2016]; People v Shuler, 100 AD3d 1041, 1042-1043 [2012], lv denied 20 NY3d 988 [2012]; People v Scott, 47 AD3d 1016, 1018-1019 [2008], lv denied 10 NY3d 870 [2008]; People v Porter, 35 AD3d 907, 909 [2006], lv denied 8 NY3d 926 [2007]).
Finally, we reject defendant's assertion that he received the ineffective assistance of counsel due to his counsel's failure to request an intoxication charge (see People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]). To the extent that defendant argues that his counsel failed to advise him of the viability of a possible intoxication defense, such claim is premised upon matters outside the record and, therefore, is more appropriately suited for a motion under CPL article 440 (see People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]; People v McCray, 96 AD3d 1160, 1161 [2012], lv denied 19 NY3d 1104 [2012]).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The employer served weekends at the Clinton County jail for a child support violation.

Footnote 2: The employer testified that defendant rolled his own cigarettes.