■ The People of the State of New York, Respondent, v Naosha R. Hendrix, Appellant. [878 NYS2d 532]—

Appeal from a judgment of the Onondaga County Court (Jef-

frey R. Merrill, J.), rendered December 19, 2006. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We agree with defendant that her waiver of the right to appeal is invalid inasmuch as the record fails to "establish that [she] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Cain*, 29 AD3d 1157 [2006]; *People v Popson*, 28 AD3d 870 [2006]). The further contention of defendant that her plea was not voluntarily entered because she provided only monosyllabic responses to County Court's questions is actually a challenge to the factual sufficiency of the plea allocution (*see People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]). Although that contention is not encompassed by the invalid waiver of the right to appeal, defendant failed to preserve that contention for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Collins*, 45 AD3d 1472 [2007], *lv denied* 10 NY3d 861 [2008]). In any event, that contention lacks merit. "The unequivocal affirmative responses of defendant to [the c]ourt's questions established all of the essential elements of" the crime to which she pleaded guilty (*People v Ramos*, 56 AD3d 1180, 1181 [2008], *lv denied* 12 NY3d 761 [2009]; *see People v Harris*, 51 AD3d 1335 [2008], *lv denied* 11 NY3d 789 [2008]).

Contrary to the further contention of defendant, the court did not abuse its discretion in enhancing the sentence without conducting a hearing to determine the validity of her arrest during the time between the plea and the sentencing hearing. Defendant did not deny that she committed the crime for which she was arrested or otherwise challenge the validity of the arrest (*see People v Huggins*, 45 AD3d 1380 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Wilson*, 257 AD2d 674 [1999], *lv denied* 93 NY2d 981 [1999]; *see generally People v Outley*, 80 NY2d 702, 713 [1993]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.