◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ANDRUS, Appellant. [908 NYS2d 498]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered March 2, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, 130.75 [1] [a]), defendant contends that his statement to the police was taken in violation of his *Miranda* rights. We reject that contention. "The People met 'their initial burden of establishing the legality of the police conduct and defendant's waiver of rights,' and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent" (*People v Grady*, 6 AD3d 1149, 1150 [2004], *lv denied* 3 NY3d 641 [2004]). Although defendant denied that he was advised of his *Miranda* rights, that denial is belied by the evidence presented at the suppression hearing. We further conclude that defendant did not unequivocally invoke his right to counsel (*see People v D'Eredita*, 302 AD2d 925 [2003], *lv denied* 99 NY2d 654 [2003]). Indeed, County Court found that defendant's testimony at the suppression hearing was not credible, and that credibility determination is entitled to great deference (*see People v Coleman*, 306 AD2d 941 [2003], *lv denied* 1 NY3d 596 [2004]).

We also reject the contention of defendant that the social worker who interviewed him following his arrest should have

advised him of his *Miranda* rights because she was acting as an agent of law enforcement. Even assuming, arguendo, that the social worker was in fact acting as an agent of law enforcement when she interviewed defendant, we note that the interview occurred within a reasonable time after the initial *Miranda* warnings were issued and that defendant had remained in continuous custody (*see People v Stanton*, 162 AD2d 987, *lv denied* 76 NY2d 991 [1990]). Considering the totality of the circumstances surrounding defendant's statement, as we must (*see People v Richardson*, 202 AD2d 958 [1994], *lv denied* 83 NY2d 914 [1994]), we conclude that there is no merit to the contention of defendant that his statement was the product of coercion and deception. Although a police officer admitted at the suppression hearing that he lied to defendant about the results of the polygraph examination, such deception does not require suppression of defendant's statement. The deception did not "create a substantial risk that the defendant might falsely incriminate himself" (*People v Alexander*, 51 AD3d 1380, 1382 [2008], *lv denied* 11 NY3d 733 [2008] [internal quotation marks omitted]; *see People v Tankleff*, 84 NY2d 992, 994 [1994]), nor was it so "fundamentally unfair as to deny due process" (*People v Tarsia*, 50 NY2d 1, 11 [1980]).

Defendant failed to preserve for our review his present challenge to his *Alford* plea (*see People v Sherman*, 8 AD3d 1026 [2004], *lv denied* 3 NY3d 681 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.