◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BULLOCK, Appellant. [910 NYS2d 750]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 29, 2008. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal

Law § 120.05 [2]). The contention of defendant that his plea was not knowingly, voluntarily and intelligently entered is actually a challenge to the factual sufficiency of the plea allocution (*see People v Hendrix*, 62 AD3d 1261 [2009], *lv denied* 12 NY3d 925 [2009]). Defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]) and, in any event, his contention lacks merit. Defendant's monosyllabic responses to County Court's questions did not render the plea invalid (*see Hendrix*, 62 AD3d 1261; *see also People v VanDeViver*, 56 AD3d 1118 [2008], *lv denied* 11 NY3d 931 [2009], *reconsideration denied* 12 NY3d 788 [2009]). Moreover, " 'there is no requirement that a defendant personally recite the facts underlying his or her crime[ ]' " during the plea colloquy (*People v Madison*, 71 AD3d 1422, 1423 [2010], *lv denied* 15 NY3d 753 [2010]; *see People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]) and, here, "[t]he record establishes that defendant confirmed the accuracy of [the court's] recitation of the facts underlying the crime" (*People v Whipple*, 37 AD3d 1148 [2007], *lv denied* 8 NY3d 928 [2007]). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.