■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA RICHARDSON, Appellant. [924 NYS2d 876]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered April 17, 2009. The judgment convicted defendant, upon a jury verdict, of arson in the third degree, insurance fraud in the third degree and making a false written statement.

It is hereby ordered that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, arson in the third degree (Penal Law § 150.10 [1]) and insurance fraud in the third degree (§ 176.20). Contrary to defendant's contention, County Court properly refused to suppress statements that she made to a fire marshall. Based on the record of the suppression hearing, we conclude that the totality of the circumstances at the time defendant was questioned by the fire marshalls establishes that defendant was not in custody prior to the administration of *Miranda* warnings (*see People v Regan*, 21 AD3d 1357, 1358 [2005]; *People v Langlois*, 17 AD3d 772, 773-774 [2005]). We further conclude that the court properly denied defendant's request for a circumstantial evidence charge, inasmuch as the proof of guilt at trial did not rest exclusively on circumstantial evidence (*see People v Roldan*, 88 NY2d 826, 827 [1996]; *People v Whitfield*, 72 AD3d 1610 [2010], *lv denied* 15 NY3d 811 [2010]). Defendant failed to preserve for our review her contention that the evidence is legally insufficient to support the conviction of arson

in the third degree inasmuch as she failed to renew her motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Defendant also failed to preserve for our review her further contention that the court erred in omitting an element of insurance fraud in the third degree from the jury charge (*see People v Bermudez*, 38 AD3d 1244 [2007], *lv denied* 8 NY3d 981 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we dismiss the appeal to the extent that defendant contends that the sentence is harsh and excessive inasmuch as defendant has completed serving her sentence and thus that part of the appeal is moot (*see People v Mackey*, 79 AD3d 1680 [2010]). Present—Scudder, P.J., Fahey, Lindley, Green and Gorski, JJ.