# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1401**

**KA 10-00810**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MICHAEL PRATCHETT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered November 30, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]). Defendant "failed to preserve for our review his contention that the People failed to present legally sufficient evidence to disprove his justification defense [inasmuch as] he did not move for a trial order of dismissal on that ground" (*People v Smalls*, 70 AD3d 1328, 1330, *lv denied* 14 NY3d 844, 15 NY3d 778; *see People v Gray*, 86 NY2d 10, 19). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant also failed to preserve for our review his contention that Supreme Court erred in permitting the victim to testify in his military uniform (*see* CPL 470.05 [2]). In any event, the fact that the victim was wearing a military uniform while testifying did not deprive defendant of a fair trial (*see People v Aupperlee*, 168 AD2d 561, *lv denied* 77 NY2d 958). We reject the further contention of defendant that the court erred in refusing to suppress his statement to the police. "In concluding that defendant's statement to the police was voluntarily made . . ., the suppression court was entitled to credit the testimony of [the] police witness[ ] that defendant was

advised of his *Miranda* rights and knowingly, voluntarily and intelligently waived those rights" (*People v Brooks*, 26 AD3d 739, 740, *lv denied* 6 NY3d 846, 7 NY3d 810).

We dismiss the appeal to the extent that defendant challenges the severity of the sentence inasmuch as he has completed serving his sentence and that part of the appeal therefore is moot (*see People v Richardson*, 85 AD3d 1556, *amended on rearg* 87 AD3d 1415; *People v Griffin*, 239 AD2d 936).  We have reviewed defendant's remaining contention and conclude that it is without merit.

Entered:  December 30, 2011                     Frances E. Cafarell
                                                Clerk of the Court