# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**449**

**KA 12-00549**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                      MEMORANDUM AND ORDER

MARK LANEY, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (Eric R. Adams, A.J.), rendered February 29, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]). Defendant's contention that his plea was not knowingly, voluntarily and intelligently entered is unpreserved for our review because defendant did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Davis*, 45 AD3d 1357, 1357-1358, *lv denied* 9 NY3d 1005). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602). In any event, there is no merit to defendant's contention.

We dismiss the appeal to the extent that defendant challenges the severity of the sentence inasmuch as he has completed serving his sentence, and that part of the appeal therefore is moot (*see People v Pratchett*, 90 AD3d 1678, 1679, *lv denied* 18 NY3d 997; *People v Mackey*, 79 AD3d 1680, 1681, *lv denied* 16 NY3d 860).

Entered: May 2, 2014                                    Frances E. Cafarell
                                                        Clerk of the Court