# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

471

KA 12-01616

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

GERRARD BLACKNELL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 18, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11), defendant contends that his waiver of the right to appeal is not valid. We agree. "[T]he minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Jones*, 107 AD3d 1589, 1589-1590, *lv denied* 21 NY3d 1075), and the court "conflated the waiver of the right to appeal with the rights forfeited by defendant based on his guilty plea" (*People v Tate*, 83 AD3d 1467, 1467; *cf. People v Boatman*, 110 AD3d 1463, 1463, *lv denied* 22 NY3d 1039). Nevertheless, we affirm.

Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and thus he failed to preserve for our review his contention that the plea allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665). In any event, that contention is without merit because "there is no requirement that defendant recite the underlying facts of the crime to which he is pleading guilty" (*People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932). Furthermore, the court recited the facts underlying the crime, and " '[t]he record establishes that defendant confirmed the accuracy of

[the court's] recitation' " (*People v Bullock*, 78 AD3d 1697, 1698, *lv denied* 16 NY3d 742; *see People v Gordon*, 98 AD3d 1230, 1230, *lv denied* 20 NY3d 932).

Contrary to defendant's further contention, the court did not err in refusing to suppress his statements to the police. "The People met 'their initial burden of establishing the legality of the police conduct and defendant's waiver of rights,' and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent" (*People v Grady*, 6 AD3d 1149, 1150, *lv denied* 3 NY3d 641; *see People v Andrus*, 77 AD3d 1283, 1283, *lv denied* 16 NY3d 827; *see also People v Pratchett*, 90 AD3d 1678, 1679, *lv denied* 18 NY3d 997).

Finally, defendant failed to preserve for our review his contention that the court erred in sentencing him as a persistent violent felony offender (*see People v Proctor*, 79 NY2d 992, 994). In any event, we reject that contention. The statute provides that the People must file a statement prior to sentencing indicating that defendant may have previously been convicted of a violent felony offense (*see* CPL 400.15 [2]). "A defendant who wishes to controvert the allegations 'must specify the particular allegation or allegations he wishes to controvert' or they are deemed admitted . . . Where the 'uncontroverted allegations [in the predicate violent felony statement] . . . are sufficient to support a finding that the defendant has been subjected to a predicate violent felony conviction the court must enter such finding' and sentence defendant accordingly" (*People v Konstantinides*, 14 NY3d 1, 14, quoting CPL 400.15 [3], [4]). Here, the record reflects that, prior to sentencing, defense counsel was provided with a statement alleging that defendant had previously been convicted of three felonies, including the violent felonies of assault in the second degree and robbery in the second degree. The record further reflects that, "defendant, in the presence of counsel, declined to challenge any part of the People's persistent violent felony offender statement" (*People v Buel*, 53 AD3d 930, 932). Consequently, the allegations in the statement were properly deemed admitted, and the court properly sentenced defendant as a persistent violent felony offender.

Entered:  May 9, 2014                                    Frances E. Cafarell
                                                         Clerk of the Court