# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

487

KA 13-01686

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HOWARD UNDERWOOD, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 11, 2013. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts) and robbery in third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the surcharge to 5% of the amount of restitution and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends, among other things, that County Court committed several errors with respect to its restitution orders. Initially, we agree with defendant that his waiver of the right to appeal was not valid (*see e.g. People v Hassett*, 119 AD3d 1443, 1443-1444, *lv denied* 24 NY3d 961; *People v Mobley*, 118 AD3d 1336, 1336-1337, *lv denied* 24 NY3d 1121; *People v Blacknell*, 117 AD3d 1564, 1564-1565, *lv denied* 23 NY3d 1059), and thus that waiver does not bar his challenges to the restitution orders.

Insofar as defendant challenges the amount of restitution, we conclude that he "was not entitled to a hearing to determine the amount of restitution . . . inasmuch as the record establishes that he expressly agreed to the amount . . . at sentencing" (*People v Harris*, 31 AD3d 1194, 1195, *lv denied* 7 NY3d 848; *see People v Farewell*, 90 AD3d 1502, 1503, *lv denied* 18 NY3d 957).

We reject defendant's further contention that the court erred in ordering him to pay restitution "because the court did not order his codefendant to pay restitution. Defendant is liable for the entire amount under the doctrine of joint and several liability" (*People v Sanders*, 24 AD3d 1307, 1308, *lv denied* 6 NY3d 838, citing *People v*

*Kim*, 91 NY2d 407, 412). Furthermore, we reject defendant's contention that the court erred in directing that payment be made to one of the victims of his crimes because that victim submitted a claim for reimbursement to an insurer. There is no indication in the record that the victim has received any funds. In any event, "[a]lthough the award to the victim would [be] offset by any insurance funds [he] receive[s], defendant's obligation would not [be] reduced" (*People v Ford*, 77 AD3d 1176, 1178, *lv denied* 17 NY3d 816).

We agree with defendant, however, that the court erred in imposing a 10% surcharge on the restitution orders. An additional surcharge of 5% is authorized only "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in a particular case exceeds [5%] of the entire amount of the payment" (Penal Law § 60.27 [8]). "There is no affidavit in the record supporting the imposition of a 10% surcharge on the amount of restitution ordered in this case" (*People v Whitmore*, 234 AD2d 1008, 1008; *see People v Simonton*, 244 AD2d 1004, 1004-1005, *lv denied* 91 NY2d 930). Although defendant failed to preserve his contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*cf. People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043), and we modify the judgment accordingly.

Finally, although the invalid waiver of the right to appeal does not bar defendant's challenge to the severity of his sentence, we conclude that the sentence is not unduly harsh or severe.

Entered: May 1, 2015                                    Frances E. Cafarell
                                                       Clerk of the Court