# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1297**
**KA 14-00125**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TYSHAWN S. PARKER, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 3, 2014. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree, attempted assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree (two counts) and strangulation in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the surcharge to 5% of the amount of restitution and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20), attempted assault in the first degree (§§ 110.00, 120.10 [1]), and two counts each of assault in the second degree (§ 120.05 [2]), strangulation in the second degree (§ 121.12), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant was sentenced to an aggregate determinate term of incarceration of 15 years, with five years of postrelease supervision. Defendant contends that his sentence is unduly harsh and severe. Contrary to the People's contention, in exercising our power to review the severity of a sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [b]), we need not determine "that there is some demonstrated need to impose a different view of discretion than that of the sentencing Judge." Rather, it is well settled that we have "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (*People v Delgado*, 80 NY2d 780, 783; *see People v Lopez*, 6 NY3d 248, 260 n 5; *People v Suitte*, 90 AD2d 80, 85-86). Nevertheless, under the circumstances presented, we conclude that defendant's sentence is not unduly harsh or severe.

Defendant further contends that the $300 mandatory surcharge and $25 crime victim assistance fee imposed pursuant to Penal Law § 60.35 (1) are excessive when considered in conjunction with the $2,093 ordered in restitution.  Because the mandatory surcharge and crime victim assistance fee are not part of defendant's sentence (*see People v Guerrero*, 12 NY3d 45, 48) and, inasmuch as defendant did not object to the imposition of the surcharge and fee at sentencing, defendant's contention is not preserved for our review (*see* CPL 470.05 [2]).  In any event, defendant's contention is without merit because he has "offered 'no credible and verifiable information establishing that the surcharge [and fee] would work an unreasonable hardship on [him] over and above the ordinary hardship suffered by other indigent inmates' " (*People v Kistner*, 291 AD2d 856, 856; *see People v Abdus-Samad*, 274 AD2d 666, 667, *lv denied* 95 NY2d 862).

Finally, defendant contends that County Court erred in assessing a 10% collection surcharge pursuant to Penal Law § 60.27 (8), because the People failed to file an affidavit from an official enumerated in CPL 420.10 (8).  Although defendant's contention is unpreserved for our review (*see People v Kirkland*, 105 AD3d 1337, 1338, *lv denied* 21 NY3d 1043), we note that the People concede that they did not submit the requisite affidavit.  We exercise our power to review the issue as a matter of discretion in the interest of justice, and we modify the judgment by reducing the surcharge from 10% of the value of the ordered restitution to 5% (*see People v Underwood*, 128 AD3d 1385, 1386-1387, *lv denied* 25 NY3d 1209).

Entered:  March 18, 2016                      Frances E. Cafarell
                                              Clerk of the Court