# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**93**

**KA 13-00142**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

KAREEM H. FULLER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 9, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]). County Court imposed upon defendant the bargained-for sentence of 12 years of incarceration to be followed by five years of postrelease supervision.

Contrary to defendant's contention, the court properly denied without a hearing that part of defendant's omnibus motion seeking suppression of evidence on the ground that the police lacked probable cause to detain him. Evaluating "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (*People v Mendoza*, 82 NY2d 415, 426), we conclude that defendant's factual allegations were too conclusory to warrant a hearing (*see Matter of Elvin G.*, 12 NY3d 834, 835; *People v Burton*, 6 NY3d 584, 587; *see also People v Bakerx*, 114 AD3d 1244, 1246, *lv denied* 22 NY3d 1196). Specifically, defendant, despite having such information available to him, failed to make any averments with respect to the circumstances of his arrest, the police actions prior to detaining him, or his conduct before or during the encounter. Thus, defendant failed to put forth sufficient facts that "as a matter of law support the ground alleged" (CPL 710.60 [3] [b]).

Finally, we decline to reduce defendant's bargained-for sentence as a matter of discretion in the interest of justice (*see* CPL 470.15

[6] [b]).