# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**245**
**KA 14-01059**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WAYNE A. PRYCE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (CHRIS EAGGLESTON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 2, 2013. The judgment convicted defendant, upon his plea of guilty, of bail jumping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of bail jumping in the second degree (Penal Law § 215.56). Defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because he did not personally recite the elements of the crime to which he pleaded guilty is actually a challenge to the factual sufficiency of the plea allocution, and that contention is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Loper*, 118 AD3d 1394, 1394-1395, *lv denied* 25 NY3d 1204; *see also People v Rinker*, 141 AD3d 1177, 1177, *lv denied* 28 NY3d 1030). This case does not fall within the narrow exception to the preservation requirement because nothing in the plea colloquy negates an essential element of bail jumping in the second degree, raises a potential defense to that charge, or otherwise casts doubt on defendant's guilt (*see People v Lopez*, 71 NY2d 662, 666-667; *People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965). In any event, defendant's contention is without merit. Defendant's "monosyllabic responses to [County Court's] questions did not render the plea invalid" (*People v Gordon*, 98 AD3d 1230, 1230, *lv denied* 20 NY3d 932 [internal quotation marks omitted]; *see Lopez*, 118 AD3d at 1395). Further, " 'there is no requirement that a defendant personally recite the facts underlying his or her crime[] during the plea colloquy, and, here, [t]he record establishes that defendant

confirmed the accuracy of [the court's] recitation of the facts underlying the crime' " (*Gordon*, 98 AD3d at 1230).

We have considered defendant's challenge to the severity of the agreed-upon sentence and conclude that it is without merit.

Entered:  March 24, 2017                              Frances E. Cafarell
                                                     Clerk of the Court