People v Rossborough (2018 NY Slip Op 03041)





People v Rossborough


2018 NY Slip Op 03041


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


577 KA 16-01119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN C. ROSSBOROUGH, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (ZACHARY S. MAURER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 1, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant correctly concedes that he failed to preserve for our review his contention that County Court erred in ordering him to pay a 10% surcharge in connection with the collection of restitution. Defendant did not object to the surcharge or otherwise raise the issue, despite having had an opportunity to do so (see People v Kosty, 122 AD3d 1408, 1409 [4th Dept 2014], lv denied 24 NY3d 1220 [2015]; People v Kirkland, 105 AD3d 1337, 1338-1339 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; cf. People v Goodenow, 149 AD3d 1560, 1560-1561 [4th Dept 2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see People v Camp, 134 AD3d 1470, 1471 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]; cf. People v Parker, 137 AD3d 1625, 1626-1627 [4th Dept 2016]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court