People v Turner (2019 NY Slip Op 06885)





People v Turner


2019 NY Slip Op 06885


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


770 KA 19-00431

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RADU TURNER, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 14, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject defendant's contention that County Court erred in refusing to suppress weapons that were found in his shed. The People established at the suppression hearing that the search of the shed was lawful pursuant to the emergency doctrine exception to the warrant requirement (see People v Samuel, 152 AD3d 1202, 1203 [4th Dept 2017], lv denied 30 NY3d 983 [2017]). The emergency doctrine exception "is comprised of three elements: (1) the police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property and this belief must be grounded in empirical facts; (2) the search must not be primarily motivated by an intent to arrest and seize evidence; and (3) there must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US 1022 [2014]). A police sergeant testified that he responded to a shots fired call in or around a neighborhood park and spoke with three witnesses at three different locations around the park, who confirmed that they heard gunshots. He approached defendant's residence, whose backyard bordered the park, based on his knowledge that defendant was a known gang member. The sergeant observed a shed in the backyard that had been broken into and was open, and he entered the shed to ensure that no one was hiding inside with a gun. We conclude that the People established through that testimony that all three prongs of the standard were met (see People v Junious, 145 AD3d 1606, 1608-1609 [4th Dept 2016], lv denied 29 NY3d 1033 [2017], reconsideration denied 29 NY3d 1129 [2017]).
Defendant contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because he did not give a factual allocution to the crimes and gave only "yes" and "no" answers to the court's questions. That contention is actually a challenge to the factual sufficiency of the plea allocution, which defendant failed to preserve for our review inasmuch as he did not move to withdraw his guilty plea or vacate the judgment of conviction (see People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]). This case does not fall within the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666-667 [1988]) because "nothing in the plea colloquy negates an essential element of [the crimes], raises a potential defense to th[ose] charge[s], or otherwise casts doubt on defendant's guilt" (Pryce, 148 AD3d at 1626).
We have considered defendant's remaining contentions and conclude that they are without merit.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court