People v Reddick (2019 NY Slip Op 06887)





People v Reddick


2019 NY Slip Op 06887


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


772 KA 17-00892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM REDDICK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Robert L. Bauer, A.J.), rendered March 24, 2017. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of four counts of burglary in the third degree (Penal Law
§ 140.20), defendant contends that the waiver of the right to appeal is not valid; that his plea was not knowingly, voluntarily or intelligently entered; and that the sentence is unduly harsh and severe. Even assuming, arguendo, that the waiver of the right to appeal is not valid (see generally People v Lopez, 6 NY3d 248, 256-257 [2006]), we nevertheless conclude that the judgment should be affirmed.
With respect to his plea, defendant contends that his plea was not knowingly, voluntarily or intelligently entered because County Court did not ensure that defendant, who suffers from mental illness, was competent to enter the plea. In addition, defendant contends that the plea colloquy was insufficient because the court did not ask him to recite the details of the crimes. Neither of those challenges is preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]; see also People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, contrary to defendant's contention, we conclude that the bargained-for sentence is not unduly harsh or severe.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court