People v Kibler (2020 NY Slip Op 05365)





People v Kibler


2020 NY Slip Op 05365


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


632 KA 19-01118

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM KIBLER, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered March 22, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of five years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]) and sentencing him to a determinate term of imprisonment of seven years, followed by a period of three years of postrelease supervision.
Preliminarily, we note that even if defendant executed a valid waiver of the right to appeal at the underlying plea proceeding, it would not encompass his challenge to the severity of the sentence imposed following his violation of probation (see People v Giuliano, 151 AD3d 1958, 1959 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Tedesco, 143 AD3d 1279, 1279 [4th Dept 2016], lv denied 28 NY3d 1075 [2016]). Contrary to the People's contention, defendant's challenge to the severity of the sentence is not subject to a preservation requirement (see CPL 470.15 [3] [c]; [6] [b]; People v Williams, 120 AD3d 721, 724 [2d Dept 2014], lv denied 25 NY3d 1078 [2015]). "A claim that a sentence is excessive is, by definition (see CPL 470.15 [6] [b]), addressed to this Court's interest of justice jurisdiction, and does not need to be preserved as a question of law (cf. CPL 470.05 [2]; CPL 470.15 [4])" (Williams, 120 AD3d at 724). Contrary to the People's further contention, in reviewing that challenge, "it is inappropriate for this Court to address whether the sentencing court abused its discretion" (People v Garcia-Gual, 67 AD3d 1356, 1356 [4th Dept 2009], lv denied 14 NY3d 771 [2010]; see People v Parker, 137 AD3d 1625, 1626 [4th Dept 2016]; see generally People v Delgado, 80 NY2d 780, 783 [1992]). Rather, this Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and such "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (Delgado, 80 NY2d at 783). We agree with defendant that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the sentence as a matter of discretion in the interest of justice to a determinate term of imprisonment of five years (see generally CPL 470.15 [6] [b]), to be followed by the three years of postrelease supervision imposed by County Court.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court