People v Brinson (2021 NY Slip Op 01648)





People v Brinson


2021 NY Slip Op 01648


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


954 KA 16-01405

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. BRINSON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 6, 2016. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on each count to a determinate term of imprisonment of eight years and directing that the sentences shall run concurrently with each other, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and four counts of criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), defendant contends that the record fails to establish that his plea was knowing, voluntary, and intelligent because he did not recite any of the underlying facts of the crimes and merely provided monosyllabic responses to County Court's questions. We conclude that "defendant failed to preserve that challenge for our review by moving to withdraw the plea or . . . to vacate the judgment of conviction" (People v Jamison, 71 AD3d 1435, 1436 [4th Dept 2010], lv denied 14 NY3d 888 [2010]; see People v Lopez, 71 NY2d 662, 665 [1988]; People v Gordon, 98 AD3d 1230, 1230 [4th Dept 2012], lv denied 20 NY3d 932 [2012]). In any event, we further conclude that "[d]efendant's monosyllabic responses to [the court's] questions did not render the plea invalid . . . Moreover, there is no requirement that a defendant personally recite the facts underlying his or her crime[s] during the plea colloquy" (People v Bullock, 78 AD3d 1697, 1698 [4th Dept 2010], lv denied 16 NY3d 742 [2011] [internal quotation marks omitted]; see People v Pryce, 148 AD3d 1629, 1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Bailey, 49 AD3d 1258, 1259 [4th Dept 2008], lv denied 10 NY3d 932 [2008]). To the extent that defendant's further contention that he was denied effective assistance of counsel survives his guilty plea (see People v Barnes, 32 AD3d 1250, 1251 [4th Dept 2006]), it "involves strategic discussions between defendant and his attorney outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10" (People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; see People v Barnes, 56 AD3d 1171, 1171-1172 [4th Dept 2008]).
We agree with defendant, however, that the sentence of nine years' imprisonment on each count is unduly harsh and severe under the circumstances of this case. Initially, we note that the People's contention that defendant waived his right to appeal the conviction and sentence is not supported by the record.
With respect to the merits, this Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the [*2]permissible statutory range," and we may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). Here, the court initially promised to sentence defendant to a concurrent eight-year determinate term of imprisonment on each count of the indictment and agreed to release him until 9:00 a.m. on the ensuing Monday to allow him to attend his mother's wedding on the intervening weekend. Defendant accepted the plea offer and was released as promised but did not surrender himself to the jail until 5:30 p.m. on the appointed date. Nevertheless, the record establishes that he surrendered voluntarily and that he called the jail prior to the appointed time and reported that he was having transportation difficulties. In addition, the record establishes that defendant has a lengthy record, but no violent felonies, and that he had not been arrested in the 10 years preceding these incidents, which involve sale and possession of small amounts of cocaine. Under these circumstances, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence of imprisonment imposed under each count of the indictment to a determinate term of eight years, to be followed by the three years of postrelease supervision imposed by the court, and directing that the sentences run concurrently with each other.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court