People v Coston (2022 NY Slip Op 05418)

People v Coston

2022 NY Slip Op 05418

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

624 KA 19-02218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHOD COSTON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 13, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and petit larceny (§ 155.25). In appeal No. 2, he appeals from a judgment revoking the sentence of probation previously imposed upon that conviction and imposing an indeterminate term of incarceration.
With respect to appeal No. 1, defendant contends that he was deprived of effective assistance of counsel because his attorney took a position adverse to him with respect to his pro se motion to withdraw his plea of guilty. We reject that contention. The record establishes that, although County Court denied the motion, the court made its determination before defense counsel made the comments that were adverse to defendant's position on the motion (cf. People v Mitchell, 21 NY3d 964, 966-967 [2013]). Therefore, we conclude that the court's denial of the motion was not influenced by defense counsel's statements (see People v Martinez, 166 AD3d 1558, 1559-1560 [4th Dept 2018]; People v Carter-Doucette, 124 AD3d 1323, 1324 [4th Dept 2015], lv denied 25 NY3d 988 [2015]; People v Wester, 82 AD3d 1677, 1678 [4th Dept 2011], lv denied 17 NY3d 803 [2011]).
Contrary to defendant's further contention in appeal No. 1, the court did not abuse its discretion in denying the motion. It is well settled that "there is no requirement that a defendant personally recite the facts underlying his or her crime[s] during the plea colloquy" (People v Bullock, 78 AD3d 1697, 1698 [4th Dept 2010], lv denied 16 NY3d 742 [2011] [internal quotation marks omitted]; see People v Brinson, 192 AD3d 1559, 1560 [4th Dept 2021]), and the record here "establishes that defendant confirmed the accuracy of [the court's] recitation of the facts underlying the crime[s]" (People v Gordon, 98 AD3d 1230, 1230 [4th Dept 2012], lv denied 20 NY3d 932 [2012] [internal quotation marks omitted]; see People v Pryce, 148 AD3d 1625, 1626 [4th Dept 2016], lv denied 29 NY3d 1085 [2017]). We have considered defendant's remaining contentions concerning appeal No. 1 and conclude that they lack merit.
Finally, with respect to appeal No. 2, defendant's sole contention is that his sentence is unduly harsh and severe. Defendant has completed serving his sentence and, therefore, his challenge to the severity of the sentence is moot (see People v Kelley, 186 AD3d 1103, 1103 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]). We thus dismiss that appeal (see People v Pompeo, 151 AD3d 1949, 1950 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; People v Laney, 117 AD3d 1481, 1482 [4th Dept 2014]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court