People v Latone (2023 NY Slip Op 06636)

People v Latone

2023 NY Slip Op 06636

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

879 KA 22-01205

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TANYA M. LATONE, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered July 19, 2022. The judgment convicted defendant upon her plea of guilty of bail jumping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of bail jumping in the second degree (Penal Law § 215.56), defendant contends that her plea was involuntarily entered and that her agreed-upon sentence is unduly harsh and severe. We affirm.
Defendant's challenge to the voluntariness of her plea is based largely on the alleged absence of certain information in the transcript of the combined plea and sentencing proceeding regarding her discussion of the plea offer with defense counsel that, in her view, gives rise to an inference that she did not understand the terms and conditions of the plea agreement. Defendant does not, however, specify on appeal what she did not understand when she pleaded guilty. We note that defendant stated during the plea colloquy that she had discussed the case with defense counsel and was satisfied with his representation of her, and that County Court set forth the terms and conditions of the plea agreement on the record before defendant entered her plea. To the extent that defendant's challenge to the voluntariness of her plea is based on matters outside the record on appeal, her contention must be raised by way of a motion to vacate the judgment pursuant to CPL 440.10 (see People v Smith, 214 AD3d 1339, 1339 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]; People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]).
We reject, however, defendant's contention that her monosyllabic responses to questions posed by the court establish that her plea is invalid (see People v Brinson, 192 AD3d 1559, 1560 [4th Dept 2021]; People v Bullock, 78 AD3d 1697, 1698 [4th Dept 2010], lv denied 16 NY3d 742 [2011]).
Finally, we conclude that defendant's agreed-upon sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; People v Fuller, 147 AD3d 1344, 1344 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court