People v Lacey (2024 NY Slip Op 01638)

People v Lacey

2024 NY Slip Op 01638

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

165 KA 22-01931

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. LACEY, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered December 6, 2022. The judgment convicted defendant upon his plea of guilty of identity theft in the first degree (two counts), identity theft in the second degree and criminal possession of stolen property in the fourth degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of identity theft in the first degree (Penal Law § 190.80 [1]), one count of identity theft in the second degree (§ 190.79 [1]), and three counts of criminal possession of stolen property in the fourth degree (§ 165.45 [2]). By pleading guilty, defendant forfeited his challenge to County Court's Molineux ruling (see People v Johnson, 195 AD3d 1420, 1421 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Pierce, 142 AD3d 1341, 1341 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Johnson, 104 AD3d 705, 706 [2d Dept 2013]). Defendant further contends that the guilty plea was improperly entered because he gave monosyllabic, perfunctory responses to the court's questions during the plea colloquy and because statements he made at sentencing negated his guilt and thus warranted further inquiry by the court. That contention is not preserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction (see People v Brown, 204 AD3d 1519, 1519 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Brinson, 192 AD3d 1559, 1559-1560 [4th Dept 2021]; People v Rathburn, 178 AD3d 1421, 1421 [4th Dept 2019], lv denied 35 NY3d 944 [2020]). In any event, a defendant's monosyllabic responses to a court's questions do not render a plea invalid (see People v Adams, 201 AD3d 1311, 1313 [4th Dept 2022], lv denied 38 NY3d 1007 [2022]; Brinson, 192 AD3d at 1560; Rathburn, 178 AD3d at 1421-1422). With respect to the statements defendant made at sentencing, we note that "a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness 'based upon comments made by [the] defendant during . . . sentencing' " (Brown, 204 AD3d at 1519; see People v Mobayed, 158 AD3d 1221, 1223 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Moreover, defendant said nothing at sentencing that called into doubt the voluntariness of his plea (see generally People v Lopez, 71 NY2d 662, 666 [1988]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court