People v Flemming (2025 NY Slip Op 07189)

People v Flemming

2025 NY Slip Op 07189

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

938 KA 23-00683

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACQUEE D. FLEMMING, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (REZVANEH GANJI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered February 21, 2023. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and sentencing him to a term of imprisonment, followed by a period of postrelease supervision.
Initially, we note that even assuming, arguendo, that defendant's waiver of the right to appeal during the underlying plea proceeding was valid, it would not encompass his challenge to the severity of the sentence imposed following his violation of probation (see People v Kibler, 187 AD3d 1569, 1569 [4th Dept 2020]; People v White [appeal No. 2], 173 AD3d 1852, 1852 [4th Dept 2019]). We conclude, however, that the sentence imposed upon defendant's violation of probation is not unduly harsh or severe.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court